

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,896

### EX PARTE SHELTON DENORIA JONES, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 596207-B IN THE 248TH DISTRICT COURT
### HARRIS COUNTY

**PRICE, J., filed a dissenting opinion in which HOLCOMB, J., joined.**

### DISSENTING OPINION

I join Judge Holcomb's dissenting opinion. I would add only two observations.

First, the Court acknowledges that among the types of mitigating evidence that the Supreme Court has identified as not being fully encompassed by the former special issues is domination by another.[1] That would seem to be the gist of the applicant's proffered expert testimony with respect to his so-called "empty vessel personality." The applicant is not subject to domination by another so much as he is subject to domination by almost *anyone*,

---

[1] Majority opinion, at 9.

for good or for ill. Even so, the Court asserts that "[o]f all the sorts of evidence that have been noted by the Supreme Court as relevant mitigating evidence, only two circumstances, youth and positive personal characteristics, are present in this case, and those are the sorts of evidence that the Supreme Court has held are within the scope of the former special issues."[2] As Judge Holcomb demonstrates, the applicant's evidence of empty vessel personality would seem to have a double-edged relevance, providing a basis upon which a jury could reasonably find that the applicant is less morally culpable than some, while at the same time militating in favor of a finding that he would constitute a continuing threat to society (including prison society). The applicant's jury, however, was equipped to give the evidence only the latter significance. I do not understand how the Court can so readily discount the transcendent mitigating significance of this evidence. It seems to me that there *is* "present in this case" a non-trivial category of mitigating evidence that the Supreme Court has identified as not adequately embraced within the former special issues.

Second, I believe that the applicant has preserved the issue of the adequacy of the former special issues to provide his jury with a vehicle to give full effect to his mitigating evidence. Moreover, the trial court erred in submitting the inadequate "nullification" instruction. For reasons explained in Judge Holcomb's dissent, I would hold that the record

---

[2] *Id*. at 13.

demonstrates at least "some" harm deriving from this error under *Almanza v. State*.[3] Because the Court does not, I dissent.


Filed:  June 10, 2009
Do Not Publish

---

[3] 686 S.W.2d 157 (Tex. Crim. App. 1985) (opinion on State's motion for rehearing).